﻿Citation Nr: AXXXXXXXX
Decision Date: 09/30/20 Archive Date: 09/30/20

DOCKET NO. 200612-91294
DATE: September 30, 2020

ORDER

The application to readjudicate the claim for service connection for left leg injury related to jumping accident is denied.

The application to readjudicate the claim for service connection for right knee injury related to parachute jumps/accident is denied.

REMANDED

Entitlement to service connection for left leg aneurysm, to include as secondary to left leg injury related to jumping accident is remanded.

Entitlement to service connection for right leg aneurysm, to include as secondary to right knee injury related to parachute jumps/accident is remanded.

FINDINGS OF FACT

1. The April 2018 rating decision denying reopening the claims for service connection for a left leg injury and a right knee injury related to parachute jumps/accident is final.

2. Evidence received since April 2018 is not new and relevant to warrant readjudication of the claims of service connection for a left leg injury and a right knee injury.

CONCLUSIONS OF LAW

1. The April 2018 rating decision is final. 38 U.S.C. § 7105; 38 C.F.R. §§ 3.104, 20.1103

2. The criteria for readjudicating the claims for service connection for a left leg injury and for a right knee injury based on new and relevant evidence have not been met. See 38 C.F.R. § 3.156(d). 38 C.F.R. §§ 3.2500, 3.2501.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty from March 1955 to September 1958.

This case is before the Board of Veterans’ Appeals (Board) on appeal from a May 2020 Department of Veterans Affairs (VA) Regional Office (RO) rating decision. In that rating decision, the RO denied reopening the claims of entitlement to service connection for left leg and right knee injuries related to parachute jumps/accident and reopened and readjudicated the previously denied claims of entitlement to service connection for left and right leg aneurysm based on the submission of new and relevant evidence. In the June 2020 VA Form 10182 Notice of Disagreement (NOD), the Veteran selected Direct Review.

Prior to transfer to the AMA docket, a January 2017 rating decision, denied the Veteran’s claims for service connection for left leg amputation, left leg aneurysm, right leg aneurysm, left leg injury related to jumping accident, and right knee injury related to parachute jumps/accident. In January 2018, the Veteran filed another claim for reconsideration of his previous claims, and in an April 2018 rating decision, the Veteran’s previous denials of service connection for left leg injury related to jumping accident and for right knee injury related to parachute jumps/accident, for left leg amputation secondary to left leg injury, for left leg aneurysm secondary to left leg injury, and for right leg aneurysm secondary to right knee injury were confirmed and continued. The Veteran timely appealed the April 2018 rating decision with a November 2018 NOD for right leg aneurysm, right knee injury, left leg aneurysm, and left leg injury. In January 2019, the RO issued a statement of the case (SOC) continuing the denial of the claims, and the Veteran did not substantively appeal this determination with a VA Form 9.

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105, also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. This law went into effect in February 2019.

Under the AMA, the Board is bound by the RO’s favorable finding that new and relevant evidence had been received warranting readjudication of the left leg and right knee injury claims. Accordingly, the Board need not make an independent determination as to whether those previously denied claims should be readjudicated on the basis of new and relevant evidence before addressing the merits of the underlying claims. See 38 C.F.R. § 20.801. See AMA, Pub. L. No. 115-55 § 5104A, 131 Stat. 1105, 1106-07.

Post-AMA, the Board may only remand an issue to correct any pre-decisional duty to assist or notify errors it identifies. Pub. L. No. 115-55, § 2(d)(2).

Evidence was added to the claims file during a period of time when new evidence was not allowed. Therefore, the Board may not consider this evidence. 38 C.F.R. § 20.300. The Veteran may file a Supplemental Claim and submit or identify this evidence. 38 C.F.R. § 3.2501. If the evidence is new and relevant, VA will issue another decision on the claim, considering the new evidence in addition to the evidence previously considered. Id. Specific instructions for filing a Supplemental Claim are attached to this decision.

New and Relevant Evidence

In general, decisions of the RO that are not appealed in the prescribed time period are final. 38 U.S.C. § 7105; 38 C.F.R. §§ 20.302, 20.1103. A finally disallowed claim will be reopened, and the former disposition will be reviewed if new and relevant evidence is presented or secured with respect to that claim. 38 U.S.C. § 5108. Under the AMA, the evidence necessary for VA to readjudicate a claim is “new and relevant.” New evidence is evidence not previously part of the actual record before agency adjudicators. 38 C.F.R. § 3.2501(a)(1). Relevant evidence is information that tends to prove or disprove a matter at issue in a claim, including evidence that raises a theory of entitlement that was not previously addressed. 38 C.F.R. § 3.2501(a)(2). If new and relevant evidence is not presented or secured, the RO will issue a decision finding that there was insufficient evidence to readjudicate the claim. Id. 

Under the AMA, a claimant may continuously pursue a claim or issue by filing a supplemental claim following notice of a decision by the RO or the Board 38 C.F.R. § 3.2500(c). If new and relevant evidence is presented or secured with respect to the supplemental claim, the RO will readjudicate the claim taking into consideration all of the evidence of record. 38 C.F.R. § 3.2501. 

1. The application to readjudicate the claim for service connection for left leg injury related to jumping accident

2. The application to readjudicate the claim for service connection for right knee injury related to parachute jumps/accident

Historically, the Veteran’s claims for service connection for a left leg injury and a right knee injury were initially denied in January 2017. The Veteran did not timely appeal that decision with a valid NOD, and the January 2017 rating decision became final.

In an April 2018 legacy rating decision, the RO reopened the Veteran’s claims for service connection for a left leg injury and a right knee injury. The Veteran timely appealed the April 2018 rating decision with a November 2018 NOD. In January 2019, the RO issued a SOC; however, the Veteran did not substantively appeal this determination, and the April 2018 rating decision became final.

In the May 2020 rating decision, the RO denied reopening the Veteran’s claims for service connection for a left leg injury and a right knee injury, finding that the evidence submitted did not constitute relevant evidence because it did not prove or disprove a matter at issue in the claims.

At the time of the April 2018 rating decision, the evidence of record included a January 2018 VA examination and February 2018 addendum opinion, service treatment records (STRs), VA treatment records, and lay statements.

Of note, in June 2017 and June 2020 statements, the Veteran contends that previously submitted evidence was not properly considered, including STRs, and that lay evidence was not given probative weight. For purposes of determining whether new and relevant evidence has been submitted sufficient to reopen a previously denied claim, the Board will not discuss the treatment or analysis of the actual evidence but rather whether the evidence received after April 2018 is new and relevant. 

The evidence received after notification of the April 2018 rating decision includes private treatment records, VA treatment records, medical research, lay statements, and VA examinations and opinions. When considered with evidence previously of record, including STRs, prior VA examinations, and the lay statements of record, this evidence is not new and relevant for purposes of 38 C.F.R. § 3.156. The Veteran’s claims were previously denied due to a lack of a nexus to service, and the evidence received since the April 2018 rating decision does not address a nexus to service for these issues. Accordingly, readjudication of the claims for service connection for a left leg injury and a right knee injury is not warranted.

As noted above, evidence was added to the claims file during a period of time when new evidence was not allowed. Therefore, the Board may not consider this evidence. 38 C.F.R. § 20.300.

REASONS FOR REMAND

1. Entitlement to service connection for left leg aneurysm, to include as secondary to a left leg injury related to a jumping accident in service

2. Entitlement to service connection for right leg aneurysm, to include as secondary to a right knee injury related to parachute jumps/accident

The Veteran contends that his left and right leg aneurysm is related to active service, to include as due to his claimed left leg and right knee injuries, or to a service-connected disability.

Review of the record reveals that additional development is required in order to fairly decide these claims.

The January 2017 VA examiner opined that the Veteran’s left and right leg aneurysms are less likely than not proximately due to or the result of his service-connected condition. The rationale was that, based on review of available medical records, the Veteran sustained a strain of the metatarsal arch to his right foot from a parachute jump while on active service, which resolved. The examiner stated that STRs do not mention a leg injury, and that in the meantime, the Veteran has developed aneurysmal vascular disease which is a result of his clearly diagnosed and severe atherosclerosis and completely unrelated to his contention.

The Veteran was afforded a VA examination in May 2020 to address whether there was a bilateral leg aneurysm or any other complication due to his recently service-connected varicose veins. The examiner opined that the claimed condition is less likely than not proximately due to or the result of his service-connected condition. The examiner’s rationale was that the varicose veins condition is less likely than not proximately due to or the result of the bilateral leg aneurysm. The examiner stated that the conditions are not medically related and that the claimed disorder is a separate entity entirely from the service-connected conditions and unrelated to it. There is no medical literature to support a medical relationship, and there is a lack of data in the claims file establishing such a connection. Thus, the examiner found that a nexus had not been established. 

While the May 2020 VA examiner noted that the Veteran’s condition is less likely than not proximately due to or the result of his service-connected condition, the examiner’s rationale did not adequately or clearly explain the reasoning behind the opinion. The rationale explains that the varicose veins condition is less likely than not due to or the result of the bilateral leg aneurysm, despite that the requested opinion was to determine if the bilateral leg aneurysm was due to the service-connected varicose veins. The May 2020 VA opinion does not address a source of the Veteran’s left and right leg aneurysms, and neither VA opinion addresses whether the Veteran’s left and right leg aneurysms were aggravated by a service-connected disability, including varicose veins. 

Once VA undertakes the effort to provide an examination when developing a service-connection claim, even if not statutorily obligated to do so, it must provide an adequate one or, at a minimum, notify the claimant why one will not or cannot be provided. Barr v. Nicholson, 21 Vet. App. 303 (2007). Thus, the claims must be remanded to afford the Veteran with a new VA examination and opinion to address aggravation of his claimed conditions.

 

Therefore, a remand for new opinions is warranted because this is a pre-decisional duty to assist error, and the Board is required to remand AMA claims for correction of such errors. 38 C.F.R. § 20.802(a).

The matters are REMANDED for the following action:

1. Schedule a VA examination (or telehealth interview, review of the record, etc., if an in-person examination is not feasible) by an appropriate clinician to determine the nature and etiology of the Veteran’s left and right leg aneurysms. 

(a.) The examiner must opine as to whether it is at least as likely as not (probability of 50 percent or greater) that the Veteran’s left and right leg aneurysms were aggravated by a service-connected disability or are otherwise etiologically related to service.

The examiner is directed to address the Veteran’s contentions, to include multiple parachute jumps in service, as well as the medical research submitted by the Veteran.

(CONTINUED ON NEXT PAGE)

A complete rationale for any opinion(s) expressed must be provided. If the examiner determines that an opinion cannot be provide without resorting to mere speculation, the examiner should explain the inability to provide an opinion, identifying precisely what facts could not be determined. In particular, the examiner should comment on whether an opinion could not be provided because the limits of medical knowledge have been exhausted or whether additional testing or information could be obtained that would lead to a conclusive opinion.

 

B. MULLINS

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board A. Labi, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.